UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2009 SEP -8 P 2: 08

| | |
|---|---|
| EARLE GIOVANNIELLO, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>-against-<br><br>ALM MEDIA HOLDINGS, INC.,<br><br>*Defendant.* | **CLASS ACTION COMPLAINT**<br><br>**309CV1409 JBA** |

## PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and as a class action on behalf of all persons and entities to which Defendant transmitted one or more facsimiles advertising the commercial availability or quality of property, goods, or services, without having obtained prior express invitation or permission to transmit said facsimiles, other than Defendant, its officers, employees, and representatives, and their families (the "Class"), at any time during the period beginning four years prior to the commencement of this action and continuing until the present (the "Class Period").

2. Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), and the regulation, 47 C.F.R. § 64.1200(a)(3), promulgated thereunder (hereinafter referred to collectively as "TCPA" unless otherwise indicated). Plaintiff seeks, individually and on behalf of the other Members of the Class, statutory damages, injunctive relief, legal fees, and costs and disbursements.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

4. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

## PARTIES

6. Plaintiff, Earle Giovanniello, resides in New Haven, Connecticut. Plaintiff is a citizen of Connecticut.

7. Defendant, ALM Media Holdings, Inc., is a Delaware corporation with a principal place of business in New York, New York. Defendant is a citizen of Delaware and New York.

## FACTS

8. On or about January 28, 2004, Defendant transmitted a facsimile to Plaintiff that advertised the commercial availability or quality of property, goods, or services.

9. Plaintiff did not give Defendant prior express invitation or permission to transmit the aforementioned facsimile.

10. During the Class Period, Defendant transmitted unsolicited advertisements via facsimile to more than 10,000 recipients, of which Plaintiff was one.

11. At least two-thirds of the recipients of the aforementioned facsimiles are citizens of states other than New York.

12. Defendant did not seek or obtain prior express invitation or permission from any of the aforementioned recipients to transmit the aforementioned facsimiles.

## COUNT I

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12" inclusive of this Amended Complaint as if fully set forth herein.

14. The transmission of facsimiles to Plaintiff and Members of the Class, as set forth above, violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3).

15. Based upon the foregoing, Plaintiff and Members of the Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

16. Based upon the foregoing, Plaintiff and Members of the Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3).

## CLASS ALLEGATIONS

17. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons and entities to which Defendant transmitted one or more facsimiles advertising the commercial availability or quality of property, goods, or services, without having obtained prior express invitation or permission to transmit said facsimiles, other than Defendant, its officers, employees, and representatives, and their families (the "Class"), at any time during the period beginning four years prior to the commencement of this action and continuing until the present (the "Class Period").

18. The Members of the Class are so numerous that joinder of all Members is impracticable.

19. There are more than 10,000 individuals and entities whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Members of the Class. Members of the Class have sustained damages arising out of Defendant's wrongful conduct in the same manner that Plaintiff has sustained damages from Defendant's unlawful conduct.

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent litigation counsel. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Class. Indeed, Plaintiff's interests are, for purposes of this litigation,

coincident with the interests of the other Members of the Class.

21. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

22. Common questions of law and fact predominate over questions which affect only individual Members of the Class. Among the questions of law and/or fact common to the Class are:

(i) whether the facsimiles contained "advertisements";

(ii) whether Defendant's conduct amounted to willful or knowing conduct;

(iii) whether Plaintiff and the Members of the Class are entitled to statutory damages for each violation;

(iv) whether Plaintiff and Members of the Class are entitled to statutory damages for willful or knowing violations of the TCPA;

(v) whether Plaintiff and Members of the Class are entitled to injunctive relief;

(vi) whether Plaintiff and the Members of the Class, or Defendant, bears the burden of proof regarding the issue of prior express consent; and

(vii) whether the Court has personal jurisdiction over Defendant.

23. Plaintiff has alleged the foregoing based upon the investigation of his counsel.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)  Awarding Plaintiff and the other Members of the Class statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) in the amount of $500.00 per violation;

(b)  Awarding Plaintiff and the other Members of the Class additional statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C) in the amount of $1,000.00 per violation in the event that this Court finds that such violations were committed willfully or knowingly;

(c)  Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3); and

(d)  Awarding to Plaintiff the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: September 4, 2009

Yours, etc.,

TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
(TB-6825)

Attorney for Plaintiff

_____
TODD C. BANK