UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Earle Giovanniello,
    *Plaintiff*,

Civil No. 3:09cv1409 (JBA)

    *v.*

ALM Media, LLC,
    *Defendant*.

September 3, 2010

RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. # 19]

Plaintiff Earle Giovanniello brings this putative class action against Defendant ALM Media, LLC, under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA"), alleging that "[o]n or about January 28, 2004, Defendant transmitted a facsimile to Plaintiff that advertised the commercial availability or quality of property, goods, or services," but that "Plaintiff did not give Defendant prior express invitation or permission to transmit the aforementioned facsimile." (2d Am. Compl. [Doc. # 7] at ¶¶ 9–10.)  ALM has filed a motion to dismiss the action as time–barred, which will be granted for the reasons that follow.

I.    Procedural History

This case is not Giovanniello's first attempt to sue ALM under the TCPA for the January 28, 2004 fax.  He first brought a putative class action against ALM in Connecticut state court on April 23, 2004, but voluntarily withdrew the action on August 30, 2004.  He filed a second action against ALM, again in Connecticut state court, on September 20, 2004, and voluntarily dismissed the action on June 27, 2005.  A year and a half later, on March 8, 2007, he brought a putative class action in the Southern District of New York (the "SDNY Action"), which that court dismissed for lack of subject–matter jurisdiction on August 6, 2007.  *See Giovanniello v. New York Law Publ'g Co.*, No.

07 Civ.1990(HB), 2007 WL 2244321 (S.D.N.Y. Aug. 6, 2007).  That court reaffirmed its dismissal on denial of reconsideration on December 11, 2007.  *See Giovanniello v. New York Law Publ'g Co.*, No. 07 Civ.1990(HB), 2007 WL 4320757 (S.D.N.Y. Dec. 11, 2007) (rejecting argument that the law of Connecticut, not New York, governed action).  Giovanniello timely appealed dismissal to the Second Circuit on December 19, 2007, but on January 15, 2008 he stipulated to stay of the appeal pending resolution of another appeal raising similar issues.  After that other appeal was decided, and after having received no response to its Order to Show Cause, the Second Circuit dismissed Giovanniello's appeal 14 months later, on March 13, 2009.  *See Giovanniello v. ALM Media, Inc.*, No. 07–5671–cv (2d Cir. Mar. 13, 2009).  Almost six months after that, on September 8, 2009, Giovanniello brought this action.

II.      Standard

The Federal Rules of Civil Procedure requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  ALM's motion to dismiss challenges Giovanniello's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Summarizing the two recent Supreme Court cases addressing Rules 8(a)(2) and 12(b)(6), *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Second Circuit has explained that "[a]s a matter of substance, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Kuck v. Danaher*, 600 F.3d 159, 162–63 (2d Cir. 2010) (citations omitted).

III.    Discussion

The parties' dispute centers on two basic questions: (1) whether the timeliness of Giovanniello's claim is governed by the two–year state statute of limitations applicable to the state analogue of the TCPA[1] or the four–year catch–all federal statute of limitations;[2] and (2) whether the federal court tolling principle for statutes of limitations for claims of individual putative class members during the pendency of a putative class action—so–called *American Pipe* tolling—extends to either a pending motion for reconsideration of a district court's dismissal of a putative class action, or the appeal of such dismissal to the Court of Appeals and the Supreme Court. The parties agree that if *American Pipe* tolling does not extend to either of the pendency of a motion for reconsideration or of an appeal, Giovanniello's claim is time–barred even under the longer, federal statute of limitations.[3] Assuming without deciding that the four–year federal statute of limitations

---

[1] The state statute provides:

> Any person aggrieved by a violation of the provisions of this section may bring a civil action in the Superior Court to enjoin further violations and for five hundred dollars for each violation, together with costs and a reasonable attorney's fee. No such action shall be brought but within two years from the date of the act complained of. For purposes of this subsection, each electronic mail sent in violation of subsection (b) of this section constitutes a separate and distinct violation.

Conn. Gen. Stat. § 52-570c(d).

[2] The federal statute provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a).

[3] Giovanniello concedes that "this action would be untimely by thirty days if the tolling period of the parties' [SDNY Action] ended on the date of dismissal, *i.e.*, August 6, 2007." (Pl.'s Opp'n at 14.) But he asserts that the action would be timely if the statute of limitations were tolled during either or both of (1) the time required for reconsideration in the Southern District of New

applies to TCPA claims brought in Connecticut, the Court concludes that *American Pipe* tolling does not apply during the pendency of a motion for reconsideration or of appeal, and, consequently, that this one–count action must be dismissed as time–barred.

In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the Supreme Court held that "at least where class action status has been denied solely because of failure to demonstrate that 'the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 553. Applying the rule it fashioned to the suit before it—and parroting the language of the Advisory Committee's 1966 Note adopting Rule 23—the Court in *American Pipe* explained that "the commencement of the class action in this case suspended the running of the limitation period only during the pendency of the motion to strip the suit of its class action character." *Id.* at 561; *see also* Fed. R. Civ. P. 23(c)(1) Advisory Committee Note (1966) ("A negative determination [on the class–certification motion] means that the action should be stripped of its character as a class action."). The Supreme Court later read *American Pipe* "to apply to class members who choose to file separate suits" as well as to those who seek to intervene in the action in which class certification was denied. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352 (1983). As the Second Circuit interprets these cases, the Court in *Crown, Cork*

_____

York, *i.e.*, the 127 days between August 6, 2007 and December 11, 2007, or (2) the time during which Plaintiff's appeal was pending in the Second Circuit, *i.e.*, the 451 days between December 19, 2007 and March 13, 2009.

reiterated the *American Pipe* principle in broad terms, quoting directly from that decision:

> "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." [*American Pipe*, 414 U.S. at 554]. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.

*In re Worldcom Secs. Litig.*, 496 F.3d 245, 254 (2d Cir. 2007) (quoting *Crown, Cork*, 462 U.S. at 353–54 (quoting *American Pipe*, 414 U.S. at 554)).

The touchstone of *American Pipe* tolling is reliance on the class action device.  A person reasonably relies on the prosecution of a putative class action to protect her rights while the putative class includes her, that is, while that putative class action purports to represent her interests.[4]  Once the named plaintiff is no longer prosecuting a suit in which the putative class member's interest is represented—either because the suit has been dismissed, or because she is no longer a member of

---

[4] *American Pipe* contemplates that a suit brought as a putative class action is assumed to be of a "class action character" even before filing and disposition of a Rule 23 class–certification motion.  As the Supreme Court observed, "[a] federal class action is no longer 'an invitation to joinder' but a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions," and "the claimed members of the class stood as parties to the suit until and unless they received notice thereof and chose not to continue."  *American Pipe*, 414 U.S. at 550; *see also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 n.7 (2d Cir. 2000) ("Because this suit was brought as a class action, we treat it as such *even though the district court has not yet granted the plaintiffs' motion for class certification.*" (citing *City of Inglewood v. City of Los Angeles*, 451 F.2d 948, 951 (9th Cir. 1971); emphasis added); *City of Inglewood*, 451 F.2d at 951 ("we recognize that the requirement [that] such determination [of a Rule 23 motion] is to be made 'as soon as practicable' leaves much room for discretion," and "'whatever uncertainties exist as to the precise status of an action brought as a class action, during the interim between filing and the 23(c)(1) determination by the court, *it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1).*'" (quoting *Phila. Elec. Co. v. Anaconda Am. Brass Co.*, 42 F.R.D. 324, 326 (E.D. Pa. 1967); emphasis added)).

the putative class—she cannot reasonably "rely on the existence of the suit to protect [her] rights."

*Crown, Cork*, 462 U.S. at 350.  As the Second Circuit has recently explained:

> The theoretical basis on which *American Pipe* rests is the notion that class members are treated as parties to the class action "until and unless they received notice thereof and chose not to continue." *American Pipe*, 414 U.S. at 551.  Because members of the asserted class are treated for limitations purposes as having instituted their own actions, at least so long as they continue to be members of the class, the limitations period does not run against them during that time.  Once they cease to be members of the class—*for instance*, when they opt out or when the certification decision excludes them—the limitation period begins to run again on their claims. . . .
>
> We hold that because Appellants were members of a class asserted in a class action complaint, their limitations period was tolled under the doctrine of *American Pipe until such time as they ceased to be members of the asserted class*, notwithstanding that they also filed individual actions prior to the class certification decision.

*In re Worldcom Secs. Litig.*, 496 F.3d at 255–56.  Thus, unless and until the district court enters an order that strips the action of its class action nature, it is presumed to proceed as such, and putative class members are presumed to be parties to the class action.

Generally, in the federal courts the procedural device that can "strip the suit of its class action character," *American Pipe*, 414 U.S. at 561, is a decertification motion (or denial of a certification motion) under Rule 23.  Until recently,[5] N.Y. C.P.L.R. § 901(b) was a unique exception to Rule 23's control over this question, and when it still operated as such an exception, it applied and stripped Giovanniello's SDNY Action of its class action character (and, consequently, to dismiss it for lack

---

[5] In *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 130 S. Ct. 1431 (2010), a majority of the Supreme Court held that Rule 23 and N.Y. C.P.L.R. § 901(b) are in irreconcilable conflict, *id.* at 1438, and a plurality held that because Rule 23 "'really regulates procedure,'" it falls "within the statutory authorization" of the Rules Enabling Act, and therefore applies in federal courts to the exclusion of N.Y. C.P.L.R. § 901(b), *id.* at 1442–44 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)).

of diversity jurisdiction) on August 6, 2007 in a manner contemplated by the *American Pipe* tolling doctrine.

Giovanniello argues that the statute of limitations nonetheless was tolled during the pendency of his motion for reconsideration, which was denied on December 11, 2007, and also the pendency of his appeal, which was dismissed on March 13, 2009. The Court disagrees.

The seminal case on the question of whether *American Pipe* tolling extends through the pendency of an appeal of a class–certification denial, which the Second Circuit has not addressed, is *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374 (11th Cir. 1998) (en banc). The plaintiffs in *Armstrong* had all been employed by Martin Marietta, and all lost their jobs between 1992 and 1993. They timely filed charges with the EEOC alleging age discrimination under the ADEA. The EEOC dismissed each of their claims, and upon dismissal, the plaintiffs had 90 days to file suit. Well over 90 days after the EEOC's dismissal, the plaintiffs brought the *Armstrong* action. However, at the time the EEOC dismissed their claims, the plaintiffs were also members of a proposed class in a putative class action "that was already proceeding" in district court in Florida. On April 7, 1994, the Florida district court "determined that [the *Armstrong* plaintiffs] were not 'similarly situated' to other" plaintiffs in the class action, and "certified a plaintiff class that did not include as members the [*Armstrong* plaintiffs]," *id.* at 1379, which decision the Eleventh Circuit treated as a denial of class certification as to the *Armstrong* plaintiffs, *id.* at 1381 n.10. More than 90 days after this denial, the *Armstrong* plaintiffs brought their own suit. The plaintiffs argued that their action was timely because the Florida district court action had not yet ended, and had not yet been reviewed on appeal. The Eleventh Circuit held that *American Pipe* tolling of the plaintiffs' causes of action ended on the

date of the Florida district court's denial of class certification, and that the tolling period did not extend through the remainder of proceedings and appeal.

The *Armstrong* court first observed that "[t]he purpose of [*American Pipe*] tolling is to encourage class members reasonably to rely on the class action to protect their rights." *Id.* at 1380 (citing *Crown, Cork*, 462 U.S. at 350–51). "Once the district court enters the order denying class certification, however, reliance on the named plaintiffs' prosecution of the matter ceased to be reasonable, and, we hold, the excluded putative class members are put on notice that they must act independently to protect their rights." *Id.* The court next rejected the plaintiffs' argument that tolling "should continue . . . even after the district court's denial of class certification, because the denial of certification in an interlocutory order may be reversed by the district court at any time before final judgment, or by the court of appeals after final judgment or, in rare cases, on interlocutory review." Instead, it held that "[n]o reasonable person would rely on the hope that either the district court or this court might someday determine that the suit should have proceeded as a class action." *Id.* at 1380–81. It observed that appellate courts review district courts' class–certification rulings for abuse of discretion and that they rarely find abuse of that discretion.

The *Armstrong* court then looked to the Supreme Court's and other appellate courts' case–law and found that it "indicates that the tolling period should cease upon denial of class certification." A contrary rule, it suggested, would require *Crown, Cork*'s language—that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied"—"to mean (among other things) 'denied, appealed, denied again, appealed (perhaps) again, and denied again,'" which it found to be both an overreading of *Crown,*

*Cork* and also contrary to the Supreme Court's suggestion "that putative class members who have been denied certification might 'intervene as plaintiffs in the pending action'" because if tolling extended through appeals then "there will rarely be a 'pending action' into which the disappointed putative class members might thereafter intervene.'" *Armstrong*, 138 F.3d at 1382.

The Eleventh Circuit concluded that the best reading of *Crown, Cork* and *American Pipe* suggested the rule that "the pending of a class action tolls the applicable statute of limitations only until the district court makes a class certification decision.  If class certification is denied in whole or in part, the statute of limitations begins to run again as to those putative class members who were excluded from the class."  *Armstrong*, 138 F.3d at 1391.

Moreover, in *American Pipe* the Supreme Court explained that tolling should extend "only during the pendency of the motion to strip the suit of its class action character."  *American Pipe*, 414 U.S. at 561.  "[T]he pendency of the motion" ends when the district court renders a decision.  While the district court's opinion and order is subject to appeal, that fact does not mean the motion remains pending: it ends with the district court's decision.  *See Armstrong*, 138 F.3d at 1382 (emphasizing this passage in *American Pipe* and holding that it reflected that the Supreme Court "clearly assumed that tolling should end when the district court denies class certification, not after the appeals process has run and some later final order is entered").

The basic flaw in Plaintiff's argument that tolling extends through appeal is that it assumes that a district court's decision stripping an action of its class action character is merely provisional, that is, that a putative class member remains a member of a putative class even where a district court determines that no class exists or shall be certified.  Although the district courts' decisions may be

reviewed and reversed by the court of appeals, that does not render the district courts' decisions provisional.[6]  A class action is "putative"—that is, the action is "believed" or "supposed," *see* Black's Law Dictionary 1356 (9th ed. 2009) (defining "putative"), by the named plaintiff to be on behalf of a class—until the district court renders a decision on the validity of the named plaintiff's belief or supposition.  After a district court's determination of whether an action may be maintained as a class action, the class is no longer putative: having been subjected to a legal decision, the class is either extant or not, and once a class is rendered nonexistent, then no members of that nonexistent class may reasonably rely on the filed action to protect their rights.

"Even prior to *Armstrong*, the rule that tolling ends with a trial court's denial of class certification was widely followed in other circuits," *Stone Container Corp. v. United States*, 229 F.3d 1345, 1355 (Fed. Cir. 2000),[7] and several courts of appeal have since approved of *Armstrong*'s rule,

---

[6] Application of this principle also forecloses Giovanniello's argument that *American Pipe* tolling continued during the pendency of his motion for reconsideration, even though such motion contemplates the possibility that a district court may reverse its own decision.

[7] *See also Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 390 (5th Cir. 1989) ("[W]e affirmed denial of class certification, even though we invited the district court to reconsider. . . . The trial court's reconsideration of the certification issue did not, and could not, diminish the import of our affirmance for time preclusion issues.  The statute should not toll for those workers who did not intervene or file individual claims *after certification was denied*." (emphasis added)); *Andrews v. Orr*, 851 F.2d 146, 149–50 (6th Cir. 1988) (holding that limitations period resumed running on the date "the district court denied class certification," since under *American Pipe* and *Crown, Cork* "[i]t is the filing of a class action and the pendency of a motion to certify that suspend the running of a limitations period for putative class members, and the period for filing begins to run anew when class certification is denied."); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 627 (7th Cir. 1986) ("The filing of a suit with a class allegation tolls the running of the statute of limitations with respect to the absent class members. The Supreme Court reasoned that absent members may learn of and rely on a suit even though the class has not been certified.  *But the time begins to run again if the district court refuses to certify the case as a class action*." (citing, inter alia, *American Pipe*; emphasis added)); *Fernandez v. Chardon*, 681 F.2d 42, 48 (1st Cir. 1982) ("Under *American Pipe*, the one–year

including in some decisions that substantially post–date Rule 23(f)'s 1998 enactment,[8] *see Stone Container Corp. v. United States*, 229 F.3d 1345, 1355–56 (Fed. Cir. 2000) (summarizing and "agree[ing]" with *Armstrong*; and observing that "we are aware of no contrary court of appeals

---

statute of limitations would have been tolled on June 19, 1978, when Ortiz Rivera filed his class action. The tolling would have ended, and the remaining portion of the limitations period would have recommenced running on August 21, 1978, *when the district court declined to certify the class.*" (emphasis added)).

[8] Giovanniello argues that after *Armstrong* was decided, Rule 23 was amended in a pertinent way. Rule 23(f), which post–dates *Armstrong*, allows a court of appeals, "in its discretion," to "permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered." *See also Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007) (Rule 23(f) "permits us to exercise discretion in accepting an interlocutory appeal from a district court's decision to grant or deny class certification"); *Coco v. Inc. Vill. of Belle Terre, New York*, 448 F.3d 490, 491–92 (2d Cir. 2006) (appellate court may not consider appeal that is untimely under Rule 23(f) unless no objection lodged to untimeliness). This does signal a change from the pre–Rule 23(f) regime, but it is not as drastic a change as Giovanniello suggests because even before Rule 23(f) was enacted, and as *Armstrong* pointed out, it was possible for courts of appeal to review class–certification decisions immediately: courts of appeal have long had discretion to review interlocutory orders (including class–certification orders) if the district court believes "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Moreover, and as *Armstrong* also pointed out, the motion for reconsideration has always been available as a device to request immediate review of the class–certification decision; an academic study found that "motions for reconsideration of a denial of class certification are granted in less than 3% of cases in which certification is denied." *Armstrong*, 138 F.3d at 1381 n.12.

In *Stone Container Corp. v. United States*, 229 F.3d 1345 (Fed. Cir. 2000), the Federal Circuit specifically rejected the argument that Rule 23(f) undermined the *Armstrong* court's decision:

> Often, plaintiffs will not seek review of a denial of class certification until after final judgment. Even if plaintiffs seek interlocutory appeal (as now allowed by Rule 23(f) of the Federal Rules of Civil Procedure but not the Court of International Trade rules), an appellate court has discretion to deny the appeal, thereby leaving the certification unresolved until final judgment.

*Id.* at 1355 (citing *Armstrong*, 138 F.3d at 1389).

decision since *Armstrong* was decided, and at oral argument Stone's counsel conceded that there are none"); *see also Fulford v. Transport Servs. Co.*, 412 F.3d 609, 613 (5th Cir. 2005) (summarily holding that "[*o*]*nce the district court refused class certification in the* Fulford *suit, the* Smith plaintiffs were no longer involved in the *Fulford* and *Abram* suits and were therefore free either to (1) attempt to intervene or (2) bring their own suit." (citing *Armstrong* and *Stone Container*)).

The Court follows the weight of authority from the courts of appeals, which, without any exception known to this Court, hold that *American Pipe* tolling does not extend through appeal of a district court's order stripping an action of its class action character.  Moreover, this principle applies with equal force to the district court's dismissal of Giovanniello's putative class action in the SDNY Action, since that decision, like denial of a Rule 23 class–certification motion, strips the action of its class action character, under Rule 23, on the basis of a mixed question of law and fact, *see, e.g.*, *In re Initial Public Offering Secs. Litig.*, 471 F.3d 24, 40 (2d Cir. 2006) ("the ultimate issue as to each [Rule 23] requirement is really a mixed question of fact and law"), and under N.Y. C.P.L.R. § 901(b), as a matter of law.

For these reasons, the Court holds that once a district court issues an order stripping an action of its class action character, no putative class member can *reasonably* rely on that action to protect her rights, even if that order is challenged.  Therefore, the Court declines to extend *American Pipe* to permit tolling of a statute of limitations during the pendency of a motion for reconsideration or appeal of such an order.  The August 6, 2007 dismissal of Giovanniello's SDNY Action was an order that stripped that action of its class action character, and consequently the statute of limitations on any TCPA claim for the January 28, 2004 fax began running the next day.  As

Giovanniello concedes, in these circumstances his claim in this action is untimely under any statute of limitations.

IV.    Conclusion

For the reasons stated above, Defendant ALM's Motion to Dismiss Action as Time–Barred [Doc. # 19] is GRANTED.  The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of September, 2010.

13